UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELMAN ABRAMOV, individually, and on
behalf of all others similarly situated,

               Plaintiff,              **DECISION AND ORDER**
                                            14-cv-4000 (ADS)(ARL)
          -against-

I.C. SYSTEM, INC. and JOHN DOES 1-25,

               Defendants.
----------------------------------------------------------X

APPEARANCES:

**Law Office of Joseph K. Jones, LLC**
*Attorneys for the Plaintiff*
555 Fifth Avenue
Ste. 1700
New York, NY 10017
    By: Joseph K. Jones, Esq.
        Benjamin J. Wolf, Esq., Of Counsel

**Marcus Law, LLC**
*Attorneys for the Plaintiff*
1500 Allaire Avenue
Suite 101
Asbury Park, NJ 07712
    By: Ari H. Marcus, Esq., Of Counsel

**Hinshaw & Culbertson LLP**
*Attorneys for the Defendant IC Systems, Inc.*
800 Third Avenue
13th Floor
New York, NY 10022
    By: Concepcion A. Montoya, Esq., Of Counsel

**SPATT**, District Judge.

       On June 26, 2014, the Plaintiff Elman Abramov (the "Plaintiff") brought this class action

lawsuit on behalf of himself and a proposed nationwide class seeking redress for certain actions

taken by the Defendants I.C. System, Inc. ("I.C. System") and John Does 1-25 (collectively the "Defendants") allegedly in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

"The FDCPA imposes liability on 'debt collectors' for certain prohibited debt collection practices." Abrahmov v. Fid. Info. Corp., No. 12–CV–345 (NGG)(SMG), 2013 WL 5352473, at *2 (E.D.N.Y. Sept. 23, 2013)(citation omitted). Congress enacted the FDCPA "with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 89 (2d Cir. 2008)(quoting 15 U.S.C. § 1692e).

To state a claim under the FDCPA, a plaintiff must satisfy the following threshold requirements: "(1) [t]he plaintiff must be a 'consumer;' (2) the defendant must be a 'debt collector;' and (3) the defendant must have committed some act or omission in violation of the FDCPA." Abrahmov, 2013 WL 5352473, at *2 (citation omitted); accord Suquilanda v. Cohen & Slamowitz, LLP, No. 10–CV–5868 (PKC), 2011 WL 4344044, at *6 (S.D.N.Y. Sept. 8, 2011).

By way of background, on May 26, 2014, I.C. System – a company that operates with the alleged principal purpose of collecting debts alleged to be due another – caused to be delivered to the Plaintiff a letter (the "Letter") in an attempt to collect an alleged obligation owed to a third party, AT&T, by the Plaintiff. On the front of the letter, the following notice was provided, in relevant part:

NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this

2

> office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> If you feel you are or have been a victim of Theft of Identity, please follow the instructions above to dispute the debt to us in writing within 30 days of this notice and please call AT&T at 1-866-718-2011.

(Montoya Decl., Exh. B).

The Plaintiff alleges violations on the part of the Defendants of the provisions of 15 U.S.C. § 1692e and 1692g.

On August 19, 2014, I.C. System moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

On August 28, 2014, I.C. System served the Plaintiff with a Rule 68 Offer of Judgment, which provided as follows:

> Pursuant to Fed. R. Civ. P. 68, defendant I.C. System, Inc. hereby offers to allow judgment to be taken against it in this action as to the individual Fair Debt Collection Practices Act ("FDCPA") claim of plaintiff Elman Abramov in the amount of (a) One Thousand Five Hundred and One Dollars ($1,501.00) payable to Elman Abramov plus (b) reasonable attorney's fees and costs to be determined by the Court, payable to Elman Abramov for the benefit of all attorneys in this matter, including counsel of record. Any judgment entered pursuant to this offer will be in full satisfaction of the plaintiff's individual claims under the FDCPA for damages, costs, and attorney's fees in this action. *See* Compl. [Dkt. #1], ¶¶ 39-47.
>
> If this Offer of Judgment is not accepted in writing within fourteen (14) days after its services, it shall be deemed withdrawn.

(The Pl's Exh. C.)

That day, the Plaintiff's counsel e-mailed I.C. System's counsel advising that "said Offer is improper at this time and therefore Plaintiff can neither accept nor reject

3

said Offer." (Pl's Exh. D.)  The Plaintiff also contended that an Offer of Judgment could not moot a putative class action absent undue delay in the filing of a motion for class certification.

On September 10, 2014, the Plaintiff filed a memorandum in opposition to the motion to dismiss, arguing that (1) I.C. System's Offer of Judgment mooted the motion to dismiss because I.C. System did not expressly dispute liability and that, in any event, (2) the Plaintiff stated a claim under 15 U.S.C. §§ 1692e, 1692g.

## I. DISCUSSION

A. <u>The Effect of the Rule 68 Offer of Judgment</u>

Rule 68 allows a defendant to "serve on an opposing party an offer to allow judgment on specified terms . . . ." Fed. R. Civ. P. 68(a).  If, within fourteen days of service, the opposing party accepts the offer, "either party may then file the offer and notice of acceptance . . . [and][t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a).  However, where the opposing party does not accept the offer, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).  The rule is intended "to encourage settlement and avoid litigation." <u>Marek v. Chesny</u>, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985).

However, the Court finds that nothing in the language of Fed. R. Civ. P. 68 precludes a defendant from simultaneously offering the plaintiff full relief and also moving to dismiss the plaintiff's claims, notwithstanding any contradiction in such a litigation strategy.

Further, the cases relied upon by the Plaintiff do not hold to the contrary. For example, in Stancyzk v. City of New York, 752 F.3d 273 (2d Cir. 2014), the defendant made a Rule 68 Offer of Judgment which was "not to be construed as an admission of liability by any defendants." Id. at 276. However, the Second Circuit did not hold, let alone address, the question whether a defendant's failure to include this type of language in a Rule 68 Offer of Judgment precluded that defendant from simultaneously moving to dismiss the plaintiff's claims. Indeed, to hold otherwise would be inconsistent with the purpose of Rule 68, which is to encourage the settlement of litigation. Accordingly, the Court rejects the Plaintiff's argument that the Defendant's Rule 68 Offer of Settlement, which by its terms has been withdrawn, mooted the motion to dismiss.

B. As to Whether the Plaintiff States a Claim Under Either 15 U.S.C. § 1692g or U.S.C. § 1692e

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); Hunter v. Capital Management Services, LP, No. 13–CV–719C (JTC), 2013 WL 6795630, at *2 (W.D.N.Y. Dec. 19, 2013). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(citing Twombly, 550 U.S. at 556).

Notably, courts within the Second Circuit "have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation." Lerner v. Forster, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003); see also Shapiro v. Dun & Bradstreet Receivable Management Services, Inc., 209 F. Supp. 2d 330 (S.D.N.Y. 2002)(language in collection letter not reasonably susceptible to misinterpretation or likely to cause "least sophisticated consumer" to misunderstand his rights), aff'd, 59 F. App'x 406 (2d Cir. 2003).

1. As to the Subject Representations

Section 1692g(a) provides that a debt collector must send consumer debtors a written notice that contains:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

6

Section 1692g(b) further provides that if the consumer "notifies the debt collector in writing" that the debt is disputed, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector."

Section 1692g "was enacted to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid[,]'" Ellis v. Solomon and Soloman, P.C., 591 F.3d 130, 134 (2d Cir. 2010)(quoting S. Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S. Code Cong. & Admin. News 1659, 1699), by giving "the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." Jacobson v. Healthcare Financial Services, Inc., 516 F.3d 85, 89 (2d Cir. 2008).

Further, of relevance here, Section 1692e of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Here, the Court takes the Plaintiff's allegations to be that the second cited paragraph in the Letter (1) "overshadows" or "contradicts" the first cited paragraph in violation of Section 1692g and/or (2) is "misleading" in relation to the first cited paragraph, in violation of Section 1692e, because it leaves the consumer debtor unsure as to whether disputing the debt requires (A) an oral and/or written communication, and (B) contacting the debt collector and/or creditor.

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the least sophisticated consumer." Id. at 90 (internal quotation marks omitted). The "least sophisticated consumer" standard is "'an objective standard, measured by how the "least sophisticated consumer" would interpret the notice received from the debt collector.'" DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir.

2001)(quoting 74 Russell v. Equifax A.R.S., F.3d 30, 34 (2d Cir. 1996)).  The purpose of applying the "least sophisticated consumer" standard to review claims of FDCPA violations is to: "(1) ensure the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002)(internal quotation marks and alterations omitted).  "Ultimately, the critical question [in determining whether a communication violates the FDCPA] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message." Weiss v. Zwicker, 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009)(citations and internal quotation marks omitted).

As an initial matter, in this case, the Court notes that nothing in the Letter is inconsistent with the interpretation of the FDCPA by the Second Circuit in Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282 (2d Cir. 2013).  In that case, the Second Circuit addressed for the first time whether section 1692g(a)(3) permits consumers to dispute the validity of a debt orally, or whether it imposes a writing requirement.  The Second Circuit concluded that a consumer debtor need not send a writing to contest an alleged debt under § 1692g(a)(3).

In this regard, the Court in Hooks found no tension between the provisions of the FDCPA that allow debtors to dispute the validity of a debt orally but mandate written notice when they seek other protections under the statute: "The right to dispute a debt is the most fundamental of those set forth in § 1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge." Id. at 286.  The Court acknowledged that other provisions of the FDCPA call for debtors to provide a written dispute before debt collectors have to produce verification of the debt and cease

collections efforts pending verification, yet found no reason to ignore this differing statutory language. "Indeed, giving effect to the difference creates a sensible bifurcated scheme" that allows debtors to protect certain basic rights through an oral dispute, but triggers a broader set of rights by disputing a debt in writing. Id.

Here, the first cited paragraph of the Letter follows almost verbatim the language of Section 1692g(a) – that is, it does not indicate that a writing is required to contest a debt, but rather only to trigger the debt collector's obligations to obtain and provide the consumer debtor with verification of the debt and the name of the original creditor, if different from the current creditor.

However, the Court finds that the second cited paragraph of the Letter could have "overshadowed" or "contradicted" the first sentence of the first paragraph, or been "misleading" with respect to that sentence and thus left the consumer debtor unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

Again, the second cited paragraph stated:

> If you feel you are or have been a victim of Theft of Identity, please follow the instructions above to dispute the debt to us <u>in writing</u> within 30 days of this notice and please call AT&T at 1-866-718-2011.

(Emphasis added).

In the Court's view, the directive to the consumer debtor to dispute the debt "in writing" in the event of suspected identity suspect – examined from the perspective of the "least sophisticated consumer" – could have "overshadowed" or "contradicted" the first sentence of the first cited paragraph, which properly indicated that a writing is not necessary to dispute an underlying debt, or been "misleading" with respect to that sentence. In other words, had the communication omitted the words "in writing" in the second paragraph, the Court would find, as

9

a matter of law, that the communication complied with Section 1692g(a). However, because it did not omit that phrase, the Court denies that part of I.C. Systems' motion to dismiss the Section 1692g claim on the theory that the second cited paragraph could have "overshadowed" or "contradicted" the first sentence of the first paragraph or been "misleading" with respect to that sentence and thus left the consumer debtor unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

On the other hand, the Court is not persuaded that the directive to call the creditor, AT&T, "overshadowed" or "contradicted" the first paragraph or was "misleading" with respect to that paragraph, in violation of the FDCPA. A number of courts have considered claims of confusion in the context of a collection letter containing the creditor's contact information. For example, in Lerner v. Forster, 240 F. Supp. 2d 233, 237 (E.D.N.Y. 2003), the recipient of a debt collection notice alleged that the notice misled her by directing her to contact the creditor to resolve the debt, instead of the collection agency. The letter in question contained the following language in the second paragraph:

> If you want to resolve this matter you may take one of the following actions: You may either pay the balance in full or contact my client at 1-800-280-0559 and work out an arrangement for payment that is acceptable to my client.

Id. at 235. The Lerner court held that this language neither "overshadowed" nor "contradicted" the communication's instructions for disputing the underlying debt. Id. at 237.

In this case, that portion of the Letter regarding identity theft simply advised the debtor to take certain actions in the event of suspected identity theft – namely, disputing the debt with "us," I.C. System and calling the creditor, AT&T. The Court finds that the Letter clearly conveyed to the debtor that, in order to dispute the underlying debt, he must contact the I.C. System, and if identity theft is suspected, he must also contact the creditor. See Shapiro v. Dun &

Bradstreet Receivable Mgmt. Servs., Inc., 59 Fed. App'x. 406, 408 (2d Cir. 2003)(letter instructing the consumer to contact creditor for payment purposes or with questions about the account or contact debt collector to dispute the debt did not overshadow or contradict the validation notice); Wyler v. Computer Credit, Inc., 04CV2762 (CLP), 2006 WL 2299413, at *10 (E.D.N.Y. Mar. 3, 2006)(language in the letter advising the debtor to contact the creditor by phone to "discuss your specific situation" did not contradict the language of the validation notice which advised the debtor to "dispute" the debt in writing to the debt collector).

To be sure, the relevant communications in Lerner, Shapiro, and Wyler did not specifically refer the consumer debtor to the creditor in the event of suspected identity theft. However, in the Court's view, the purpose for which a consumer debtor is referred to the creditor presents a distinction without a difference.

In sum, the Court finds that one of two theories advanced by the Plaintiff is, with supporting facts, actionable under the FDCPA – that is, that the second cited paragraph of the Letter "overshadowed" or "contradicted" the first sentence of the first paragraph or was "misleading" with respect to that sentence on the basis that the language "in writing" in the second cited paragraph leaves the consumer debtor unsure as to whether disputing an alleged debt requires an oral or written communication. However, the Court finds that the Plaintiff may not proceed on the theory that the second cited paragraph of the Letter "overshadowed" or "contradicted" the first paragraph or was "misleading" with respect to that paragraph on the basis that the directive to call the creditor in the event of suspected identity theft leaves the consumer debtor unsure as to whether disputing an alleged debt requires contacting the debt collector or creditor.

Because the Plaintiff's surviving theory could be categorized as supporting a violation of Section 1692g and/or 1962e, the Court declines to dismiss any claim under those provisions. Rather, the Court will not permit the Plaintiff to proceed on the above-mentioned theory regarding whether to contact the debt collector or creditor.

2. Materiality

Although the Second Circuit has not formally read a materiality requirement into § 1692e, it has cited with approval a Fourth Circuit case doing just that in a summary order. See Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 94 (2d Cir. 2012)("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in 'false representations' must rest on material misrepresentations."). "While Gabriele is not binding precedent, the Court agrees that only material misrepresentations are actionable under the FDCPA." Fritz v. Resurgent Capital Servs., LP, 955 F. Supp. 2d 163, 170 (E.D.N.Y. 2013). Gabriele also persuasively explains what makes a misrepresentation material: "Our case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." Gabriele, 503 Fed. Appx. at 94.

Thus, based on Fritz, the Court concludes that a misrepresentation of the kind alleged here must be "material" to the consumer so as to be actionable under both § 1692e and 1692g.

Applying that standard, the Court concludes that the Plaintiff has adequately alleged that the language "in writing" in the second cited paragraph could easily mislead the least sophisticated consumer about whether disputing the debt requires an oral or written communication, and, therefore, could impede the consumer's ability to respond.

## II. CONCLUSION

Based on the foregoing reasons, the Court grants in part and denies in part I.C. Systems' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

In particular, the Court rejects the Plaintiff's argument that the Defendant's Rule 68 Offer of Settlement mooted the motion to dismiss.

As to the merits of the Plaintiff's claims under § 1692e and 1692g of the FDCPA, the Court finds the Plaintiff may advance the theory that the second cited paragraph of the Letter "overshadowed" or "contradicted" the first sentence of the first cited paragraph or was "misleading" with respect to that sentence on the basis that the language "in writing" in that paragraph leaves the consumer debtor unsure as to whether disputing a debt requires oral or written communication. However, the Court finds that, as a matter of law, the Plaintiff may not proceed on the theory that the second cited paragraph of the Letter "overshadowed" or "contradicted" the first cited paragraph or was "misleading" with respect to that paragraph on the basis that the directive to call the creditor in the event of suspected identity theft leaves the consumer debtor unsure as to whether disputing a debt requires contacting the debt collector or creditor.

Finally, the Court finds that, as to the surviving theory, the Plaintiff has adequately plead materiality.

**SO ORDERED**.

Dated: Central Islip, New York
October 14, 2014

             ___*Arthur D. Spatt*_____
               ARTHUR D. SPATT
               United States District Judge